**FILED**
**MARCH 10, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**08 C 1420**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EUGENE MILLER, | ) | |
| | ) | No: |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge |
| | ) | |
| OFFICER GAFFNEY, #11040, | ) | |
| OFFICE EMILY BYRNES, #15492 | ) | |
| AND THE CITY OF CHICAGO, | ) | |
| A MUNICIPAL CORPORATION | ) | JURY DEMAND |
| | ) | |
| Defendants. | ) | |

**JUDGE CASTILLO**
**MAGISTRATE JUDGE NOLAN**

## COMPLAINT

**JURISDICTION**

1. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. Sections 1983 and 1988; 28 U.S.C. Sections 1331 and 1343 (a); and the Constitution of the United States, and supplemental jurisdiction under 28 U.S.C. Section 1367.

**PARTIES**

2. Plaintiff Eugene Miller is an African-American male, a citizen of the United States, and a resident of Chicago, Illinois.

3. Defendant Officers Gaffney, #11040 and Emily Byrnes, #15492 are police officers employed by the City of Chicago, and was at all times relevant to the facts alleged in this complaint, acting within the scope of their employment and under color of law. Defendant Officer Ron Rodriquez is being sued individually.

4. Defendant Officers Gaffney and Byrnes are police officer employed by the

City of Chicago, and was at all times relevant to the facts alleged in this complaint, acting within the scope of their employment and under color of law.  Defendant Officers Gaffney and Byrnes are being sued individually.

5.	The City of Chicago, is a municipal corporation within the State of Illinois, and was all times material to this Complaint, the employer of defendant police officers Gaffney and Byrnes.

**FACTS**

6.	In February 2007, Plaintiff Eugene Miller was a professional livery driver. On occasion he rented vehicles to transport his customers to and from their destinations. On February 6, 2007, in the afternoon, Plaintiff was driving a Budget Rental Car and was stopped without cause by two Defendant Chicago Police Officers at 67 E. Marquett Road in Chicago, IL.

7.	After he was stopped by Defendant Officers, they demanded to see his driver's license and to empty his pockets.  Mr. Miller complied with all the Defendant Officer's request.  He then asked the officers why he was stopped.  A Defendant Officer responded that his license plate was expired. However, Mr. Miller quickly observed that the Budget Rental Car's license plate sticker was not expired.  Plaintiff explained to the Defendant Officer while pointing to the license plate, that the sticker was not expired. The sticker did not expire until June 2007.

8.	Despite Defendant Officers knowledge that Mr. Miller license plate sticker was not expired, they arrested him without cause.  He was then falsely charged with possession of marijuana and driving without a seat belt.

9. After Mr. Miller was arrested, Defendant Officers order that his rental car be towed back to Budget Car Rental.

10. The Defendant Officers made out false and incomplete official reports and gave a false and incomplete version of the events to their superiors to cover up their own misconduct.

11. On March 21, 2007, Mr. Miller appeared in court and the charges were dismissed against him.

12. As a direct and proximate result of Defendant Officers' actions, as detailed above, Plaintiff Miller has suffered and continues to suffer, severe mental distress, humiliation, loss of liberty, loss of income and other financial losses.

## COUNT I

### (42 U.S.C. SECTION 1983-FALSE ARREST)

13. Plaintiff Eugene Miller alleges and realleges paragraphs 1 through 12 as fully set forth herein.

14. The above acts of the Defendant Officers Gaffney and Byrnes were willfully and wantonly done without probable cause and was a direct and proximate cause of Mr. Miller's pain, suffering and mental anguish, and therefore violated the Plaintiffs Forth Amendment right to be free from unreasonable arrest, search and seizure.

**WHEREFORE**, Plaintiff Eugene Miller, demands compensatory damages against Defendant Officers Gaffney and Byrnes and because the Defendants acted maliciously, willfully and/or wantonly, Plaintiff demands punitive damages from each individual defendant, plus cost, attorney's fees, and such other additional relief as this Court deems equitable and just.

## COUNT II

### (MALICIOUS PROSECUTION UNDER ILLINOIS LAW)

15. Plaintiff Eugene Miller alleges and realleges paragraphs 1 through 12 as though fully set forth herein.

16. The above prosecution was initiated by the Defendants to harass the Plaintiff.

17. The Defendants signed complaints against Plaintiff which began the prosecution of him. Defendants further gave false statements against Plaintiff to the prosecutor.

18. The unjustifiable prosecution was resolved in the Plaintiff's behalf and, therefore, said prosecution was in violation of the Illinois law.

19. The unjustifiable prosecution of the Plaintiff Eugene Miller was done willfully and wantonly and was the direct and proximate cause of the physical and mental injuries suffered by the Plaintiff.

**WHEREFORE,** Plaintiff Eugene Miller seeks actual or compensatory damages against Defendant Officers Gaffney and Byrnes individually, and because the above defendants acted maliciously, willfully and/or wantonly, Plaintiff demands punitive damages against each defendant officer.

## COUNT III

### (RESPONDEAT SUPERIOR UNDER ILLINOIS LAW AGAINST DEFENDANT CITY OF CHICAGO)

20. Plaintiff Eugene Miller alleges and realleges paragraphs 1 through 12 as though fully set forth herein.

The aforesaid acts of Defendant Officers Gaffney and Byrnes were done within the scope of their employment as Chicago Police Officers, were willful and wanton, and therefore the Defendant City of Chicago, as principal, is liable for the actions of its agents under the doctrine of respondent superior.

**WHEREFORE**, Plaintiff Eugene Miller, demands judgment against Defendant City of Chicago plus costs, and such other additional relief as this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS.**

Respectfully submitted,

The Law Office of Standish E. Willis

By: "s/Teniece Harris"
    Attorney for Plaintiff

The Law Office of Standish E. Willis
407 S. Dearborn, Suite 1395
Chicago, IL  60605
312.554.0005